UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CASE NO. 1:20CR485 |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge John R. Adams |
| | ) |
| DELONTE T. SMITH, | ) ORDER |
| | ) |
| Defendant. | ) |
| | ) |

On November 22, 2023, the Sixth Circuit remanded this matter for this Court "to determine whether there was good cause to replace [Defendant Delonte] Smith's counsel and, if the district court determines that good cause existed, to take any further actions warranted by that determination." Doc. 106 at 4. To assist in resolving that issue, the Court appointed Smith counsel and conducted an evidentiary hearing. During the hearing, both Smith and his prior counsel testified. The Court now determines that Smith did not have good cause to replace his counsel.

On August 24, 2024, attorney Robert Dixon was appointed by a magistrate judge to represent Smith who had been arrested on a complaint. Dixon continued his representation when Smith was indicted on September 3, 2020. On February 12, 2021, Dixon filed a notice that Smith intended to plead guilty to a superseding indictment without a plea agreement. Doc. 38. On February 16, 2021, the Court conduct a change of plea hearing and accepted Smith's guilty plea. During that hearing, the Court set Smith's sentencing for June 2, 2021. On February 26, 2021,

1

Smith sent the Court a letter stating that his counsel had given him incorrect information about the minimum sentence that he faced, about jail time credit, and about the availability of a drug treatment program. Smith indicated that he had attempted to contact his counsel several times and concluded by requesting, generically, the Court's assistance. Doc. 40 at 1. On April 6, 2021, the Court received a letter from Smith requesting that the Court be lenient during its sentencing.

Following a continuance due to a scheduling conflict, the Court began Smith's sentencing on January 13, 2022. At the outset, Smith expressed confusion about the nature of the conspiracy charge. Counsel indicated that he believed that Smith was comfortable moving forward with sentencing, but Smith continued to express that he believed the conspiracy facts had been improperly stated in the presentence report. When the Court expressed that Smith's denial of conduct involving his co-defendant could impact his acceptance of responsibility, counsel indicated that additional time may be warranted to iron out the issue. As a result, the Court continued sentencing to February 9, 2022. On February 2, 2022, Smith requested new counsel in a letter that read: "Motion to request for a new attorney. My lawyer is withholding information. He also refuse to put in motions for me and objection. Doc. 72 (sic throughout). Counsel then requested a continuance of the rescheduled sentencing hearing noting: "Counsel has been advised that the defendant wishes to have new counsel prior to proceeding to sentencing. Counsel wishes to discuss this with the client so that he can advise the court if there is an issue in this regard." Doc. 73 at 1.

Sentencing recommenced on February 28, 2022. At the outset of that hearing, the Court inquired whether Smith had been able to review the presentence report with counsel. Smith responded that he had gone over the report. Thereafter, the Court proceeded to finalize Smith's

2

sentence.

On appeal, the Sixth Circuit determined that Smith's request for new counsel obligated this Court to inquire further to determine whether Smith had offered good cause to replace counsel. To evaluate this issue, the Court appointed Smith new counsel and conducted a hearing where it received testimony from Smith and his former counsel, Dixon.

Once a defendant brings "'any serious dissatisfaction with counsel to the attention of the district court,'" the court has a duty to investigate into the source and nature of that dissatisfaction "regardless of whether the attorney is court-appointed or privately retained." *Benitez v. United States*, 521 F.3d 625, 632, 634 (6th Cir. 2008) (quoting *United States v. Iles*, 906 F.2d 1122, 1131–32 (6th Cir. 1990)). The Sixth Circuit has described the good cause necessary to replace appointed counsel as follows:

> Good cause exists when there is a fundamental problem, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict. Importantly, the good cause rule protects the right to effective assistance of counsel; if good cause exists, a defendant no longer has effective representation.

*United States v. Hudson*, No. 21-4126, 2023 WL 1463701, at *4 (6th Cir. Feb. 2, 2023)(citations, quotations, and emphasis omitted). The Sixth Circuit has also noted its review of such a decision focuses on four factors: "(1) the timeliness of the motion, (2) the adequacy of the court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense, and (4) balancing the factors with the public's interest in the prompt and efficient administration of justice." *United States v. Steele*, 919 F.3d 965, 973 (6th Cir. 2019) (quoting United States v. Mack, 258 F.3d 548, 556 (6th Cir. 2001)). Accordingly, this Court's analysis will review those factors

3

as well.

Smith appears to have timely requested new counsel having filed a motion indicating this desire on February 2, 2022 before the Court moved to final sentencing. However, the Court notes that Dixon was appointed counsel on August 24, 2020, and it was not until February 26, 2021 that Smith gave *any* indication that there were issues with his counsel. More importantly, counsel indicated to the Court that he would attempt to resolve any issues via an in-person meeting with Smith before his final sentencing hearing. It is undisputed that this meeting occurred and that Smith never again gave any indication that problems remained between him and his counsel. As such, this factor does not weigh in favor of substitution.

Following the Court's evidentiary hearing to inquire about the nature of Smith's alleged conflict and/or dissatisfaction with counsel, it became clear that no active conflict existed. While early in the litigation Smith suggested that his counsel had given him incorrect information regarding the minimum sentence he faced, he admitted in Court that he knew that he faced a minimum of ten years *prior* to entering his guilty plea. In fact, this Court inquired of Smith *multiple* times to ensure that he understood the mandatory minimum time that he would face if he entered a plea of guilty. As such, any alleged inaccurate information was remedied by the Court well in time for Smith to make a knowing and voluntary decision on whether to plead guilty.

While Smith also suggests that counsel refused to file motions on his behalf, he has never articulated what motions he desired to be filed. Moreover, the undersigned is familiar with the matter and a review of the docket does not suggest that any viable motions could have been filed on Smith's behalf. Instead, the record reveals that counsel worked diligently on Smith's behalf at all stages of the litigation. Smith does not dispute that his counsel kept him informed at all

stages of the litigation, visited him when it was required, and reviewed the presentence report with him before final sentencing. None of these facts support a suggestion that a conflict existed that would render counsel ineffective. In fact, Smith admitted under oath that he was able to actively communicate with his counsel all the way through the conclusion of his proceedings. As such, this factor also weighs against allowing substitution of counsel.

Finally, the public's interest weighs against allowing substitution. Smith was arrested via complaint on August 24, 2020. Nearly six months later, he noted for the first time a difficulty in contacting his counsel. It was not until a year after that, some 18 months after his arrest, that Smith made a formal request for new counsel. Once given the opportunity under oath to explain his reasons, Smith was unable to articulate any conflict with his counsel and any viable strategy that was not pursued by counsel. Accordingly, the interest in the timely and efficient administration of justice weighs strongly against the substitution of counsel.

Reviewing the totality of the circumstances and the factors above, Smith failed to demonstrate any good cause for the substitution of counsel. Accordingly, the Court declines to reopen Smith's proceedings to allow new counsel to start the matter anew.

IT IS SO ORDERED.

| | |
|---|---|
|     July 17, 2024     |  /s/ John R. Adams  |
| Date | Judge John R. Adams |
| | United States District Court |